[No. 13640.   Department One.   February 17, 1917.]

NATIONAL CITY BANK OF SEATTLE, *Respondent*, v. GORHAM
ENGINEERING COMPANY, *Appellant*, J. C. BROWN
*et al., Defendants.*[1]

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—RIGHTS AND LIABILI-
TIES OF THIRD PERSONS. A written authority to an agent to indorse
the name of the principal upon notes payable to the principal, does
not authorize the agent to indorse the name of the principal upon
a note payable to the agent and appearing on its face to be the prop-
erty of the agent; and no such general authority can be implied from
the specific limited authority.

SAME. In such case, the principle that where one of two inter-
ested parties must suffer, that one must bear the burden who placed
the agent in the position to do the wrong, has no application, where
the limited authority of the agent was in writing and fully disclosed.

Appeal from a judgment of the superior court for King
county, Smith, J., entered February 29, 1916, upon findings
in favor of the plaintiff, in an action on a promissory note,
tried to the court. Reversed.

*Daniel B. Trefethen,* for appellant.

*Herr, Bayley & Wilson* and *Carl E. Croson,* for respondent.

MOUNT, J.—This action was brought to recover upon a
promissory note. The Gorham Engineering Company de-
fended upon the ground that it was not liable as an indorser
upon the note. Upon a trial of the case, the court entered
a judgment in favor of the plaintiff, against the defendant
Gorham Engineering Company. That company has ap-
pealed.

The facts are substantially as follows: In July, 1913,
William J. Gorham was the owner of the stock of a corpo-
ration known as the Gorham Engineering Company, of
which he was the president. The principal place of business

[1]Reported in 163 Pac. 6.

of this company was in San Francisco. Thomas Randles was engaged in selling engines in Seattle, which engines were purchased from the Gorham Engineering Company. Mr. Randles had an agreement with the Gorham Engineering Company to the effect that he was to sell the engines sent to him from San Francisco for cash, or for thirty, sixty, or ninety day notes, and Randles was to take the cash and these notes to the respondent bank, there to be deposited or discounted. The notes taken for the sale of engines were termed "customer's paper," and were to be indorsed by the Gorham Engineering Company, by Thomas Randles, and the proceeds of the notes were to be drawn upon by the Gorham Engineering Company, or applied by the bank to other paper which had been indorsed by the Gorham Engineering Company. It appears that arrangements were made with the respondent bank by which the Gorham Engineering Company was to send engines to Seattle to Mr. Randles, who was doing business under the name of the Gorham Gas Engine Agency, and Mr. Randles and his wife were then to execute promissory notes, payable to the Gorham Engineering Company, for the invoice price of the engines, which was twenty per cent less than the price which Randles was to sell them for. These notes of Randles and wife were to be taken up by "customer's notes." These notes were to be indorsed by the Gorham Engineering Company, by Thomas Randles or William J. Gorham. The bank was protected in its dealings by written guaranty. Upon the day these arrangements were made between Mr. Gorham, representing the Gorham Engineering Company, and Mr. Randles, representing the Gorham Gas Engine Agency in Seattle, and Mr. Maxwell, representing the bank, Mr. Gorham dictated a letter to the bank, stating the authority of Mr. Randles as follows:

"I, hereby authorize, Thos. Randles, whose signature appears on this letter, to indorse the name of the Gorham Engineering Company on notes, checks and drafts payable to said company and to receive the money thereof."

At the same time, Mr. Gorham and Mr. Randles signed a signature card, by which either Mr. Gorham or Mr. Randles was to sign for the Gorham Engineering Company. After this arrangement had been made, an engine was sent to the Gorham Gas Engine Agency, at Seattle, from San Francisco. The price of this engine was $3,180.84. A note was signed by Thomas Randles and Hannah Randles, his wife, payable to the Gorham Engineering Company, for that amount, and this note was deposited with the respondent bank. Thereafter, this note was taken up by Mr. Randles and a new note substituted therefor for $3,100. The balance was paid in cash by Thomas Randles to the bank. This last named note is the one sued on, and is as follows:

                         "17346          11/27/14
"$3100.00                Seattle, Wash.  May 27th—1914

"Six months after date, without grace we promise to pay to the order of Thomas Randles thirty-one hundred ($3,100) dollars in gold coin of the United States of America, of the present standard value, with interest thereon, in like gold coin, at the rate of 8 per cent per annum from date until paid, for value received, interest to be paid at maturity and if not so paid, the whole sum of both principal and interest to become immediately due and collectible, at the option of the holder of this note. And in case suit or action is instituted to collect this note, or any portion thereof we promise and agree to pay in addition to the costs and disbursements provided by statute, three hundred dollars ($300) in like gold coin for attorney's fees in said suit or action.

                         "J. C. Brown    W. N. Kerr
"Due November 27th—1914
"At Seattle, Washington."

This note was indorsed on the back as follows:

                "Gorham Engineering Company
                "By Thos. Randles

"For value received, I hereby sell, assign transfer and set over unto The National City Bank, all my right and interest in and to the within note together with the interest accrued and to accrue thereon. Thos. Randles."

It is apparent from the face of this note that it is payable to the order of Thomas Randles, and not to the Gorham Engineering Company. Upon its face, it is the private property of Thomas Randles.

The controlling question upon this appeal is whether Thomas Randles was authorized to indorse this note in the name of the Gorham Engineering Company, so as to make that company liable. We think it is plain that he was not so authorized. The authority of Mr. Randles was reduced to writing. It authorized Mr. Randles "to indorse the name of the Gorham Engineering Company on notes . . . payable *to said company* and to receive the money thereof." This note was not payable to said company. Upon its face, it was payable to Mr. Randles personally. The authority here granted was plain and specific. It was not a general authority to indorse notes, but was a limited authority to indorse notes payable to the Gorham Engineering Company only, and the authority of Mr. Randles to indorse other notes cannot be inferred from that authority.

It is argued by the respondent that the power of Mr. Randles should be construed in the light of all the surrounding circumstances, in order to give effect to the evident intention of the principal. It is not claimed, as we understand the record, that there was any other transaction like this. It is true that a number of notes were negotiated at the bank by Mr. Randles, but those notes were all payable to the Gorham Engineering Company, and, under the express written authority given by Mr. Gorham to Mr. Randles, he was authorized to indorse such notes and receive the proceeds thereof. The evidence shows clearly that there was no authority given outside of the written authority. There was no course of dealing between the parties that would authorize the bank to accept an indorsement of Mr. Randles upon a note payable to himself, or to any other person than the Gorham Engineering Company. So far as the record shows, this was the only transaction of the kind. We think it too

plain for argument that, under the express written authority quoted above, the bank was not authorized to take this note, as a liability against the Gorham Engineering Company, upon the indorsement by Mr. Randles, because the note was not a note payable to the Gorham Engineering Company.

Argument is made to the effect that the Gorham Engineering Company placed Mr. Randles in a position as agent, and that where one of two innocent parties must suffer, that one must bear the burden who placed the agent in position to do the wrong; but that rule has no application to this case, because here the bank was fully advised of Mr. Randles' authority. The letter of authority above quoted was dictated in the presence of the president of the bank, at his suggestion. It contains the whole authority of Mr. Randles, which is simple, direct, and explicit. The bank was not led to believe that Mr. Randles had other authority than that expressly stated in the letter. In short, when the bank took this note, with the indorsement of Mr. Randles upon it, it was fully informed of his authority, and cannot be said to be an innocent purchaser under such circumstances.

The judgment of the trial court must therefore be reversed, and the case dismissed as to the Gorham Engineering Company.

ELLIS, C. J., MAIN, CHADWICK, and MORRIS, JJ., concur.